IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

04 MAY 27 PM 1:53

| | |
|---|---|
| WHITNEY JOHNSON<br>11821 WEST 69TH STREET<br>SHAWNEE, KANSAS 66203,<br><br>    Plaintiff,<br><br>    vs.<br><br>NEW WORLD RESTAURANT<br>GROUP, INC.<br>1687 COLE BOULEVARD<br>GOLDEN, COLORADO 80401<br><br>    SERVE:  REGISTERED AGENT:<br>    National Registered Agents, Inc.<br>    1535 Grant Street, Suite 140<br>    Denver, CO 80203<br>and<br><br>EINSTEIN AND NOAH CORP.<br>1687 COLE BOULEVARD<br>GOLDEN, COLORADO 80401<br><br>    SERVE:  REGISTERED AGENT:<br>    National Registered Agents, Inc. of KS<br>    2101 SW 21st Street<br>    Topeka, KS 66604-000<br><br>    Defendants. | Case No.:_____<br><br>**04-2243 JWL** |

## COMPLAINT

COMES NOW Plaintiff, Whitney Johnson, by and through her attorneys of record, and for her causes of action against Defendants New World Restaurant Group, Inc. and Einstein and Noah Corp., doing business as "Einstein Bros Bagels," alleges as follows:

1

## PARTIES

1. Plaintiff Whitney Johnson (hereinafter "Plaintiff") is, and at all times mentioned herein was, an individual residing in Johnson County, Kansas.

2. Defendant New World Restaurant Group, Inc. (hereinafter "New World") is, and at all times mentioned herein was, a corporation duly organized and existing under the laws of Delaware, with its principle place of business in Golden, Colorado.

3. Defendant Einstein and Noah Corp. (hereinafter "Einstein") is, and at all times mentioned herein was, a corporation duly organized and existing under the laws of Delaware, with its principle place of business in Golden, Colorado. Defendant Einstein does business as "Einstein Bros Bagels" at 7960 Lee Boulevard, Leawood, Kansas 66206.

4. Plaintiff was employed by defendants at its location in Leawood, Kansas, at all times relevant to this Complaint.

## JURISDICTION AND VENUE

5. Plaintiff was an "employee" as defined by 42 U.S.C. §2000e, *et. seq.*, and K.S.A. §44-1001, *et. seq.*

6. Defendants were "employers" as defined by 42 U.S.C. §2000e, *et. seq.*, and K.S.A. §44-1001, *et. seq.*

7. This Court has jurisdiction over this case because plaintiff alleges federal claims. Pendant jurisdiction over plaintiff's state claims exists because her state claims arise out of the same facts as do her federal claims.

8. This Court has venue because the acts complained of by plaintiff occurred in Kansas.

## PROCEDURAL REQUIREMENTS

9. With respect to all unlawful employment practices alleged by plaintiff herein, charges of discrimination against defendants were filed with the Kansas Human Rights Commission (hereinafter "KHRC") within six months of the most recent unlawful employment practices alleged. Said charges were filed with the Equal Employment Opportunity Commission (hereinafter "EEOC") within 300 days of the most recent unlawful employment practices alleged.

10. Plaintiff was issued her Notice of Right to Sue from the EEOC on March 1, 2004. Plaintiff has filed this action within ninety (90) days from her receipt of this Notice.

11. Plaintiff was issued a No Probable Cause determination from the KHRC on March 25, 2004, constituting exhaustion of administrative remedies.

12. Plaintiff has exhausted all required administrative remedies before the commencement of this civil action.

13. Plaintiff demands a jury trial with respect to each and every claim in this Complaint.

## FACTS COMMON TO ALL COUNTS

14. On or about August 9, 1999, defendants hired plaintiff as an assistant manager.

15. Plaintiff was promoted to general manager about one year later.

16. In January of 2004, plaintiff became pregnant and notified defendants through their agent, Natalie Pickens, of same on or about January 23, 2004.

17. After said notification, defendants began making false, undocumented

accusations against plaintiff regarding her work performance, including, but not limited to the following:

    a. Defendants received customer call notes from unhappy guests;

    b. Defendants received complaints regarding plaintiff's poor customer service skills from several vendors;

    c. Plaintiff's entire staff had contacted defendants' human resources department complaining about plaintiff's attitude toward them; and

    d. Plaintiff was not supportive of her company and its goals.

18. In fact, plaintiff had received an award of excellence on January 22, 2004, the day before notifying defendants of her pregnancy.

19. Plaintiff never received any verbal warnings or write-ups regarding any of the accusations made by defendants.

20. On or about February 5, 2004, plaintiff was hospitalized for two days because of her pregnancy.

21. Plaintiff contacted defendants regarding the hospitalization. Natalie Pickens, an agent of defendants, expressed to plaintiff that she was upset with plaintiff about her time away from work.

22. After plaintiff notified defendants that she was pregnant, other terms and conditions of her employment were adversely affected by her employer, including, but not limited to, the following:

    a. Defendants unjustifiably scrutinized plaintiff's work more closely than non-pregnant employees;

b.  Defendants unjustifiably scrutinized plaintiff's work more closely than before she became pregnant; and

c.  Defendants unjustifiably terminated plaintiff's employment after she became pregnant.

23. Plaintiff's employment was terminated by defendant on February 17, 2004.

## COUNT I
### Gender Discrimination
### 42 U.S.C. §2000e, *et. seq.*
### K.S.A. §44-1001 *et. seq.*, K.A.R. 21-32-6

24. Plaintiff restates and realleges all those allegations and statements contained thus far in this Complaint as if fully set forth herein.

25. Plaintiff is a female and a member of a protected class of employees under 42 U.S.C. §2000e, *et. seq.* and K.S.A. §44-1001 *et. seq.*

26. The acts of defendants alleged in this Complaint were caused by defendants' discrimination against plaintiff because of her gender.

27. Defendants committed one or more adverse employment actions against plaintiff resulting in discrimination based on her gender with respect to, among other things, termination, and other terms, conditions, and privileges of plaintiff's employment.

28. Plaintiff's gender was a determining and motivating factor in defendants' decision to take adverse employment action against plaintiff, including her termination.

29. At the time defendants engaged in the employment practices alleged herein, defendants knew their conduct was unlawful.

30. Defendants' actions were intentional, wilful, wanton, malicious, and

outrageous, and were performed with reckless and callous indifference to the legally protected rights of plaintiff.

31.   As a direct and proximate result of defendants' unlawful conduct and employment practices, plaintiff has sustained damages, including, but not limited to: the loss of her employment, past wages, future wages, income, health insurance coverage, and expenses incurred in attempting to mitigate her damages.

32.   As a direct and proximate consequence of defendants' unlawful conduct and employment practices, plaintiff has been forced to incur expenses in the form of attorney fees and other reasonable and necessary expenditures to enforce her rights under the law.

33.   As a further direct and proximate consequence of defendants' unlawful conduct and employment practices, plaintiff has suffered a loss of dignity, severe embarrassment, and demoralization.

WHEREFORE, Plaintiff prays for the Court's Order, on Count I of Plaintiff's Complaint, adjudging and decreeing that the acts, practices, intolerances, conduct and/or omissions of defendants complained of herein violated plaintiff's rights under 42 U.S.C. §2000e *et. seq.* and K.S.A. §44-1001 *et. seq*; and for the Court's further Order that defendants make plaintiff whole by awarding appropriate back pay, front pay, reimbursement of expenditures, and compensatory damages; for punitive damages in an amount reasonably calculated to punish defendants for the intentional, wrongful, wilful and/or malicious conduct of defendants as alleged herein and to deter defendants and others from similar conduct; for her attorney fees, legal costs and expenditures incurred herein; that said judgment bear interest at the rate provided by law until paid in full; and for any other remedy or relief that

the Court may deem just, appropriate, and/or warranted by law.

## COUNT II
### Pregnancy Discrimination and Harassment
### 42 U.S.C. §2000e, *et. seq.*
### K.S.A. §44-1001 *et. seq.*, K.A.R. 21-32-6

34. Plaintiff restates and realleges all those allegations and statements contained thus far in this Complaint as if fully set forth herein.

35. Defendants committed one or more adverse employment actions against plaintiff resulting in discrimination based on pregnancy with respect to, among other things, termination, and other terms, conditions, and privileges of plaintiff's employment.

36. Plaintiff's pregnancy was a determining and motivating factor in defendants' decision to take adverse employment action against plaintiff, including her termination.

37. Plaintiff was subjected to inappropriate comments and behavior by defendants and their agents due to her pregnancy.

38. But for plaintiff's pregnancy, she would not have been subjected to the harassment described herein.

39. Said harassment, as described herein, was pervasive and unwelcome; affected the terms, conditions, and privileges of plaintiff's employment; caused an unreasonable interference with plaintiff's work performance; and resulted in an adverse employment action.

40. Said harassment was sufficiently severe and/or pervasive that a reasonable person in plaintiff's position would find the work environment to be hostile and abusive, and was found to be hostile and abusive by plaintiff at the time said conduct occurred.

41. Defendants knew or should have known of the harassment and failed to take prompt and appropriate corrective action to end the harassment.

42. Defendants' actions were intentional, wilful, wanton, malicious and outrageous, and were performed with reckless and callous indifference to the legally protected rights of plaintiff.

43. As a direct and proximate result of defendants' unlawful conduct and employment practices, plaintiff has sustained damages, including, but not limited to: the loss of her employment, past wages, future wages, income, health insurance coverage, and expenses incurred in attempting to mitigate her damages.

44. As a further direct and proximate consequence of defendants' unlawful conduct and employment practices, plaintiff has been forced to incur expenses in the form of attorney fees and other reasonable and necessary expenditures to enforce her rights under the law.

45. As a further direct and proximate consequence of defendants' unlawful conduct and employment practices, plaintiff has suffered a loss of dignity, severe embarrassment, and demoralization.

46. WHEREFORE, Plaintiff prays for the Court's Order, on Count II of Plaintiff's Complaint, adjudging and decreeing that the acts, practices, intolerances, conduct and/or omissions of defendants complained of herein violated plaintiff's rights under 42 U.S.C. §2000e *et. seq.* and K.S.A. §44-1001 *et. seq*; and for the Court's further Order that defendants make plaintiff whole by awarding appropriate back pay, front pay, reimbursement of expenditures, and compensatory damages; for punitive damages in an amount reasonably calculated to punish defendants for the intentional, wrongful, wilful and/or malicious conduct

of defendants as alleged herein and to deter defendants and others from similar conduct; for her attorney fees, legal costs and expenditures incurred herein; that said judgment bear interest at the rate provided by law until paid in full; and for any other remedy or relief that the Court may deem just, appropriate, and/or warranted by law.

Respectfully submitted,

ZIEGLER PENNINGTON KETCHUM, LLC

| | |
|---|---|
| Amanda Pennington Ketchum | KS Bar #20559 |
| James M. Ziegler | MO Bar #35746 |

Park Plaza Building
801 West 47th Street, Suite 208
Kansas City, Missouri 64112
(816) 753-5200
(816) 753-7679 FAX

ATTORNEYS FOR PLAINTIFF

9

*We designate KC, KS for trial.*

*Theresa Dotson*

*JS Logistics*
*Delvd 5/27/04*